```
              Arif A. Durrani
             Reg. No. 09027-014
         Federal Correctional Complex
              Victorville I
               P.O. Box 5300
           Adelanto, CA 92301-5300
```

June 2, 2008

Ms. Nancy Mayer-Wittington
Clerk of the Court
U.S. District Court
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866

Reference: Docket No. 1:08-cv-609(CKK)

Dear Ms. Mayer-Wittington:

    Attached is a copy of my letter to the Clerk of the Court, for the Ninth Circuit. This letter is to request the documents that are subject in the above referenced case. Please file this document with the court. I have mailed a copy of this letter to the AUSA assigned to this case.

    Your assistance in filing this letter with the court is greatly appreciated.

Sincerely,

*[signature]*
Arif A. Durrani

Encl: Copy of the letter.

cc: AUSA Claire M. Whitaker

AAD:ar

>             Arif A. Durrani
>           Reg. No. 09027-014
>        Federal Correctional Complex
>              Victorville I
>              P.O. Box 5300
>         Adelanto, CA 92301-5300

June 2, 2008

Ms. Molly Dwyer
Clerk
U.S. Court of Appeals
for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Reference: Docket No. 06-50344/Request for documents to
           prepare brief.

Dear Ms. Dwyer:

   I would like to request the court to urgently order the government attorney, AUSA William P. Cole, to provide me with the documents that he has concealed from the courts. I need these documents officially released for submission with my brief which is now due on July 8, 2008.

   AUSA William P. Cole, utilized a tactic which implied the bogus indictment CR99-470-PA for the arrest on June 12, 2005. He knew from the investigation which was kept outside of the disclosed documents and the records in his own files, that the arrest and extradition on June 12, 2005, without probable cause was to fabricate an offense in his district. Although, AUSA William P. Cole, has managed to weave a legal argument into his factual assertions by withholding these documents, there is nothing in the record to substantiate his claim. He has been untruthful, deceptive and intentionally submitted forged documents and suborned perjury. He has corrupted the judicial integrity and processes of the courts. He made "misleading tailored snippets and statements" before this court in the brief submitted in the above referenced case, 07-55086, and 06-56376. Copies of his submissions are attached as Appendix "A".

   I was arrested and extradited based upon a bogus and fraudulent indictment CR99-470-PA. The Central District of California was used as a way-station to conceal this arrest without probable cause on June 12, 2005, in Mexico. He caused and conducted an unlawful search and seizure on June 22, 2005. He used the bogus CR99-470-PA, indictment as a pretext to fabricate an offense in his district. Appendix "B".

The extradition and §212(d)5 entry forbids fabrication of any other offense from the fruits of the unlawful arrest and extradition for CR99-470-PA. It was dismissed with prejudice on September 23, 2005. Notwithstanding, the fact, I am a naturalized U.S. citizen. A 28 U.S.C. §2241 to correct the release order is pending before the Honorable Percy Anderson, Case No. 06-CV-6281-PA, to comply with the doctrine of specialty after it was transferred by this court under 07-73112. The government attorney, AUSA William A. Crowfoot, has submitted the same forged documents that were created to cover up the unlawful acts and is still insisting that the court recharacterize it as a §2255, and transfer it to the Southern District of California. This is in violation of rule 2 of the habeas corpus challenging the release order issued by the district court. It further, shows his collusion with the government attorney, AUSA William P. Cole, from the Southern District of California.

I have filed a FOIA lawsuit, 08-CV-00609 (CKK), in the district of Columbia, for these records and documents. Another, to correct my citizenship records, Case No. 08-CV-00607(CKK). I was naturalized in 1986. AUSA William P. Cole, deliberately concealed my citizenship documents and submitted my N-405, from which the stub of my citizenship certificate had been removed. It was completed by the former Immigration and Naturalization Service and filed on July 24, 1986. He filed a forged arrest warrant which was backed dated on October 27th to June 15th, 2005. This was done to conceal his unlawful criminally prosecutable misconduct.

These documents are required under Rule 106, and for the adjudication of this direct appeal. Your prompt order to provide me with these documents will enable me to complete my brief by July 8, 2008. I have suffered three years of false imprisonment, and loss of my property, simply because AUSA William P. Cole, has a penchant to fabricate and corrupt the judicial processes. This attorney and his agents must first, explain how they were able to obtain a fraudulent indictment to arrest and extradite an innocent person. The chronology clearly supports his motive and such a conclusion.

Sincerely,

Arif A. Durrani

cc: Debra DiIorio
    AUSA William P. Cole, Case No. 06-50344, 07-55086 and 08-50007
    AUSA William A. Crowfoot, Case No. 07-50031 and 06-CV-6281-PA.
    → Ms. Nancy Mayer-Wittington, Clerk, U.S. District Court,
    District of Columbia, Case No. 08-CV-00609(CCK)
    AUSA Claire M. Whitaker
    U.S. Department of Justice, Public Integrity Section
    Ms. Katherine R. Gallo, Asst. Counsel
    U.S. Department of Homeland Security, Appeal 2008-034(07-53208)
    Inspector General, Department of Justice
    Federal Bureau of Investigation

AAD:ar

# Appendix A

1. <u>Standard of Review</u>

Whether the doctrine of speciality applies to an execution sale is a question of law subject to de novo review. See <u>Star v. West</u>, 237 F.3d 1036, 1038 (9th Cir. 2001) (legal questions are reviewed de novo).

2. <u>The Doctrine of Specialty Is Irrelevant</u>

The doctrine of specialty requires that an extradited person be tried only for the crimes for which he has been extradited. <u>United States v. Anderson</u>, 472 F.3d 662, 665 n.1 (9th Cir. 2006). Here, Durrani's appeal does not arise from a criminal trial or proceeding, but rather from a civil proceeding concerning an execution sale. Durrani does not cite, and the Government is not aware of, any authority suggesting that the doctrine of specialty has anything whatsoever to do with execution sales.[4]

B. **THE JUDGMENT DEBT WAS NOT TERMINATED BY DEPORTATION**

Durrani contends that deportation terminated his judgment debt in 1998. This contention has no merit.

1. <u>Standard of Review</u>

Whether deportation terminates a criminal fine is a question of law subject to de novo review. See <u>Star</u>, 237 F.3d at 1038 (legal questions are reviewed de novo).

---

[4] In any event, there is no evidence in the record that Durrani was ever extradited at all. Durrani himself claims that he was "kidnaped" from Mexico. [Appellant's Opening Brief at 6.] Even if this colorful claim had any merit, the doctrine of specialty does not apply to criminal defendants brought before a court through abduction from Mexico. <u>United States v. Alvarez-Machain</u>, 504 U.S. 655, 670 (1992).

```
 1  CAROL C. LAM
    United States Attorney
 2  WILLIAM P. COLE
    Assistant U.S. Attorney
 3  California State Bar No. 186772
    United States Attorney's Office
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-7859/(619) 557-7055 (Fax)
    Email: William.P.Cole@usdoj.gov
 6
 7  Attorneys for Plaintiff
    United States of America
 8
 9                   UNITED STATES DISTRICT COURT
10                  SOUTHERN DISTRICT OF CALIFORNIA
11                  (HONORABLE LARRY A. BURNS)
12  ARIF ALI DURRANI,            )  Case No. 06-CV-1730-LAB
                                 )  (Ninth Circuit Case No. 06-56376)
13                  Petitioner,  )
                                 )  GOVERNMENT'S MEMORANDUM RE:
14          v.                   )  CASE STATUS UPON REMAND
                                 )
15  S. A. HOLENCIK,              )
                                 )
16                  Respondent.  )
                                 )
17  _____  )
18       COMES NOW Plaintiff United States of America, by and through its counsel, Carol C.
19  Lam, United States Attorney, and William P. Cole, Assistant U.S. Attorney, and files this
20  Memorandum regarding the status of this case upon remand from the Ninth Circuit.
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //
```

# I
# PROCEDURAL HISTORY

In August 2006, Arif Ali Durrani filed a petition for a writ of habeas corpus, purportedly under 28 U.S.C. § 2241.[1/] Chief Judge Irma E. Gonzalez determined the petition actually sought relief under 22 U.S.C. § 2255 and transferred the case to this Court, as this Court sentenced Durrani in 05-CR-1746-LAB. On September 11, 2006, the Court entered judgment denying Durrani's petition.

Without first seeking a certificate of appealability, Durrani attempted to appeal from this Court's judgment denying his petition. On November 2, 2006, the Ninth Circuit issued an order remanding the case to this Court to determine whether any issue raised by Durrani meets the required showing for a certificate of appealability.

Following the Ninth Circuit's order, Durrani filed a "response" to the order in the Ninth Circuit. [Exhibit 1.] In that response, Durrani stated that he "will not accept the recharacterization" of his petition as a motion under 28 U.S.C. § 2255.[2/]

# II
# THE COURT SHOULD GIVE DURRANI THE OPPORTUNITY TO WITHDRAW HIS PETITION

If Durrani does not wish to accept the recharacterization of his petition, then this Court should notify Durrani of his opportunity to withdraw his petition, in light of the consequences that flow from the recharacterization.

---

[1/] The petition contends that the Government violated the rule of specialty by trying him for offenses different from the ones for which he now claims he was "extradited" from Mexico. Should the Court desire any briefing from the Government concerning whether this contention warrants a certificate of appealability, the Government will promptly provide it.

[2/] Durrani also has contended that his petition doesn't seek relief that can be recharacterized as a § 2255 motion. On that point, he is patently wrong. Durrani's confinement is upon this Court's judgment following a jury trial. The petition seeking his release from custody is squarely within the scope of § 2255.

2                               06-CV-1730-LAB

In <u>Castro v. United States</u>, 540 U.S. 375 (2003), the Supreme Court held:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a <u>pro se</u> federal prisoner has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) ~~federal habeas~~ motion. [Citation.] In light of these consequences, we hold that the court cannot so recharacterize a <u>pro se</u> litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

<u>Id.</u> at 377 (emphasis in original).

Accordingly, the Government respectfully recommends that the Court give Durrani notice of his right to withdraw or amend his petition and of the fact that the Court's recharacterization of his present petition will subject subsequent motions under § 2255 to the "second or successive" motion restrictions set forth in § 2255.

DATED: December 6, 2006

Respectfully submitted,

CAROL C. LAM
United States Attorney

s/William P. Cole

WILLIAM P. COLE
Assistant United States Attorney

Attorneys for Plaintiff
United States of America
Email: William.P.Cole@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIF ALI DURRANI, ) <br> ) <br> Petitioner, ) <br> ) <br> V. ) <br> ) <br> S. A. HOLENCIK, ) <br> ) <br> Respondent. ) | Case No. 06-CV-1730-LAB <br> (Ninth Circuit Case No. 06-56376) <br><br> CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, WILLIAM P. COLE, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I am effecting service of **GOVERNMENT'S MEMORANDUM RE: CASE STATUS ON REMAND** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. N/A.

I hereby certify that I am causing to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

1. Arif Ali Durrani
   #09027-014
   FCI-Victorville I
   P.O. Box 5300
   Adelanto, CA 92301

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2006.

s/William P. Cole
WILLIAM P. COLE

# Appendix B

U.S. Department of Homeland Security



U.S. Customs & Border Protection

*American Embassy Mexico City*
*Paseo de la Reforma # 305-118*
*Col. Cuauhtemoc 06500*

The Transportation Company and
Supervisory Customs Inspector
Customs and Border Protection
At Port of Entry

Date: **June 14, 2005**
RE:    Arif Ali DURRANI
DPOB: **08/14/1949, Pakistan**
A: **21 763 558**

**ALIEN TO BE PAROLED INTO THE U.S. FOR PROSECUTION**

Dear Sirs,

On the basis of sworn testimony given, results of records checks conducted, and examination of secondary evidence supplied, this office has determined that, Arif Ali DURRANI, is eligible to make application for admission to an Custom and Border Protection (CBP) Inspector at a U.S. Port of Entry. An Airline may accept this letter as assurance that the above named alien may be transported to the United States before, **June 16, 2005** without danger of penalty imposed by Section 273 (b) of the Immigration and Nationality Act, as amended.

The above named person whose photograph appears below has been instructed to present the original of this letter to the Transportation Company on which travel to the United States is intended. The above named person has also been instructed to present the duplicate of this letter in a sealed envelope to the CBP Inspector at the port of entry used, where the sealed envelope should be opened. A third copy of this letter has been retained by this office along with the bearer's sworn testimony as to his/her claimed status as a lawful permanent resident of the United States. The CBP Inspector at the Port of Entry has sole and exclusive authority to admit the above named alien as a permanent resident alien or in any other status. This letter in no way constitutes a prior obligation of the United States Government to admit the alien.

**In the event of evidence of tampering with this letter or with the copy of this letter directed to the CBP Inspector or with the envelopes in which these letters are conveyed, the Transportation Company is requested not to board the alien named above and to report the evidence of tampering to this office at (525) 55080-2000 ext. 4365 during after duty hours to ask the Embassy operator to immediately contact the duty Immigration and Customs Enforcement officer.**

Sincerely,

Luis M. Alvarez
Attaché
Immigration and Customs Enforcement

902

```
****************************************************************************
FROM NCIC   ON 06/15/05 AT 15:23:49         PRESS ENTER TO CONTINUE
1L01CQUQDXN20600206
CAUSC2926

MKE/WANTED PERSON
FULL EXTRADITION UNLESS OTHERWISE NOTED IN THE MIS FIELD
ORI/VTINS1000 NAM/DURRANI,ARIF ALI SEX/M RAC/A POB/PK DOB/19490814
HGT/511 WGT/180 EYE/BRO HAI/BLK FBI/447572FA5 SKN/DRK
FPC/P01414PMP0PI1714PIPI MNU/AR-A21763558 SOC/100603902
OLN/N6532322 OLS/CA OLY/2005
OFF/WEAPON OFFENSE
DOW/19990507 OCA/02I70X0095
WNO/CR99470
```

(b)(2)

****************************************************************

```
VLD/20050330
MIS/CRIMINAL WARRANT FOR VIOLATION OF TITLE 22 USC 127 1 (D), 127 3, 2773(B)
MIS/(2), (C), EXPORTING DEFENSE ARTICLES WITHOUT A LICENSE ISSUED BY THE CENTRA
L
MIS/ DISTRICT OF CALIFORNIA ON MAY 7, 1999
ORI IS BUR OF IMMIGRATION AND CUSTOMS ENFORCEMENT LESC 802 872-6020
DOB/19430814
AKA/BURRANI,ARIF ALI
AKA/DURRANI,ARIF
MNU/AR-A021763558
MNU/PP-A434400
NIC/W383277264 DTE/20020927 2002 EDT
IMMED CONFIRM WARRANT AND EXTRADITION WITH ORI
```

(b)(2)

904

**I-94 Arrival Record**

- Admission Number: 46 10864920
- Paroled pursuant to Sec. 212(d)(5) of the I & N Act to: JUNE 29 2005
- Purpose: DT. FOR PROSECUTION
- Stamp: LOS 5689 — JUN 15 2005
- 1. Family Name: DURRANI ALI
- 2. First (Given) Name: ARIF
- 3. Birth Date (Day/Mo/Yr): 14 08 49
- 4. Country of Citizenship: PAKISTAN
- 5. Sex: MALE
- 6. Passport Number: (blank)
- 7. Airline and Flight Number: AM-646
- 8. Country Where You Live: PAKISTAN
- 9. City Where You Boarded: MEXICO D.F.
- 10. City Where Visa Was Issued: MEXICO D.F.
- 11. Date Issued (Day/Mo/Yr): (blank)
- 12. Address While in the United States: 536 M. ALAMEDA ST.
- 13. City and State: LOS ANGELES, CA

**I-94 Departure Record**

- Departure Number: 46708649207
- Paroled pursuant to Sec. 212(d)(5) of the I & N Act to: JUNE 29 2005
- Purpose: DT. FOR PROSECUTION
- Stamp: LOS 5689 — JUN 15 2005
- 14. Family Name: DURRANI ALI
- 15. First (Given) Name: ARIF
- 16. Birth Date (Day/Mo/Yr): 14 08 49
- 17. Country of Citizenship: PAKISTAN

See Other Side

STAPLE HERE

944

| 18. Occupation | 19. Waivers |
|---|---|
| 20. INS File<br>A 021-763-558 | 21. INS FCO |
| 22. Petition Number | 23. Program Number |
| 24. ☐ Bond | 25. ☐ Prospective Student |

26. Itinerary/Comments

_____
_____
_____
_____
_____
_____

27. TWOV Ticket Number

|_|_|_|_|   |_|_|_|_|_|_|_|_|_|_|

**Warning** - A nonimmigrant who accepts unauthorized employment is subject to deportation.
**Important** - Retain this permit in your possession; *you must surrender it when you leave the U.S.* Failure to do so may delay your entry into the U.S. in the future.
You are authorized to stay in the U.S. only until the date written on this form. To remain past this date, without permission from immigration authorities, is a violation of the law.
**Surrender this permit when you leave the U.S.:**
- By sea or air, to the transportation line;
- Across the Canadian border, to a Canadian Official;
- Across the Mexican border, to a U.S. Official.
Students planning to reenter the U.S. within 30 days to return to the same school, see "Arrival-Departure" on page 2 of Form I-20 prior to surrendering this permit.

**Record of Changes**

A# 021-763-558
_____
_____

Port:                                       **Departure Record**
Date:
Carrier:
Flight #/Ship Name:

945



DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

**Customs Declaration**

19 CFR 122.27, 148.12, 148.13, 148.110, 148.111, 1498; 31 CFR 5316

Each arriving traveler or responsible family member must provide the following information (only ONE written declaration per family is required):

1. Family Name: DURRANI
   First (Given): ARIF   Middle: ALI
2. Birth date: Day 14 Month 08 Year 49
3. Number of Family members traveling with you: 0
4. (a) U.S. Street Address (hotel name/destination): 535 N. ALAMEDA ST.
   (b) City: LOS ANGELES   (c) State: CA
5. Passport issued by (country):
6. Passport number:
7. Country of Residence: PAKISTAN
8. Countries visited on this trip prior to U.S. arrival: MEXICO
9. Airline/Flight No. or Vessel Name: AW # 646
10. The primary purpose of this trip is business:   Yes   No ✓
11. I am (We are) bringing
    (a) fruits, plants, food, insects:   Yes   No ✓
    (b) meats, animals, animal/wildlife products:   Yes   No ✓
    (c) disease agents, cell cultures, snails:   Yes   No ✓
    (d) soil or have been on a farm/ranch/pasture:   Yes   No ✓
12. I have (We have) been in close proximity of (such as touching or handling) livestock:   Yes   No ✓
13. I am (We are) carrying currency or monetary instruments over $10,000 U.S. or foreign equivalent:   Yes   No ✓
    (see definition of monetary instruments on reverse)
14. I have (We have) commercial merchandise:   Yes   No ✓
    (articles for sale, samples used for soliciting orders, or goods that are not considered personal effects)
15. Residents — the total value of all goods, including commercial merchandise I/we have purchased or acquired abroad, (including gifts for someone else, but not items mailed to the U.S.) and am/are bringing to the U.S. is: $ 0

Visitors — the total value of all articles that will remain in the U.S., including commercial merchandise is: $ 0

Read the instructions on the back of this form. Space is provided to list all the items you must declare.

**I HAVE READ THE IMPORTANT INFORMATION ON THE REVERSE SIDE OF THIS FORM AND HAVE MADE A TRUTHFUL DECLARATION.**

X _____
(Signature)                           Date (day/month/year)

For Official Use Only

Customs Form 6059B (11/02)

946

### The U.S. Customs Service Welcomes You to the United States

The U.S. Customs Service is responsible for protecting the United States against the illegal importation of prohibited items. Customs officers have the authority to question you and to examine you and your personal property. If you are one of the travelers selected for an examination, you will be treated in a courteous, professional, and dignified manner. Customs Supervisors and Passenger Service Representatives are available to answer your questions. Comment cards are available to compliment or provide feedback.

### Important Information

**U.S. Residents** — declare all articles that you have acquired abroad and are bringing into the United States.

**Visitors (Non-Residents)** — declare the value of all articles that will remain in the United States.

**Declare all articles** on this declaration form and show the value in U.S. dollars. For gifts, please indicate the retail value.

**Duty** — Customs officers will determine duty. U.S. residents are normally entitled to a duty-free exemption of $800 on items accompanying them. Visitors (non-residents) are normally entitled to an exemption of $100. Duty will be assessed at the current rate on the first $1,000 above the exemption.

**Controlled substances, obscene articles, and toxic substances are generally prohibited entry.**

*Thank You, and Welcome to the United States.*

---

The transportation of currency or monetary instruments, regardless of the amount, is legal. However, if you bring in to or take out of the United States more than $10,000 (U.S. or foreign equivalent, or a combination of both), you are required by law to file a report on Customs Form 4790 with the U.S. Customs Service. Monetary instruments include coin, currency, travelers checks and bearer instruments such as personal or cashiers checks and stocks and bonds. If you have someone else carry the currency or monetary instrument for you, you must also file a report on Customs Form 4790. Failure to file the required report or failure to report the *total* amount that you are carrying may lead to the seizure of *all* the currency or monetary instruments, and may subject you to civil penalties and/or criminal prosecution. SIGN ON THE OPPOSITE SIDE OF THIS FORM AFTER YOU HAVE READ THE IMPORTANT INFORMATION ABOVE AND MADE A TRUTHFUL DECLARATION.

| **Description of Articles** (List may continue on another Form 6059B) | **Value** | **Customs Use Only** |
|---|---|---|
| | | |
| | | |
| | | |
| **Total** | | |



PAPERWORK REDUCTION ACT NOTICE: The Paperwork Reduction Act of 1995 says we must tell you why we are collecting this information, how we will use it, and whether you have to give it to us. The information collected on this form is needed to carry out the Customs, Agriculture, and currency laws of the United States. Customs requires the information on this form to insure that travelers are complying with these laws and to allow us to figure and collect the right amount of duty and tax. Your response is mandatory. An agency may not conduct or sponsor, and a person is not required to respond to a collection of information, unless it displays a valid OMB control number. The estimated average burden associated with this collection of information is 4 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to U.S. Customs Service, Reports Clearance Officer, Information Services Branch, Washington DC 20229, and to the Office of Management and Budget, Paperwork Reduction Project (1515-0041), Washington, DC 20503. THIS FORM MAY NOT BE REPRODUCED WITHOUT APPROVAL FROM THE U.S. CUSTOMS FORMS MANAGER.

Customs Form 6059B (11/02)

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

OMB NO. 1115-0009
Approval Expires 1/31/84

## APPLICATION TO FILE PETITION FOR NATURALIZATION

Mail or take to:
**IMMIGRATION AND NATURALIZATION SERVICE**

FEE STAMP

P-H — 5/13/86 — GA
VISA FILE W/ N-405 — UP. 4/2/86
ONLY 2/24/86 — THEN TO "GA" ROOM

ALIEN REGISTRATION
(Show the exact spelling of your name as it appears on your alien registration receipt card, and the number of your card. If you did not register, so state.)
Name  ARIF ALI DURRANI
No.   A21-763-558  (N.Y.C.)
Date  AUG 20, 1985

(See INSTRUCTIONS. BE SURE YOU UNDERSTAND EACH QUESTION BEFORE YOU ANSWER IT. PLEASE PRINT OR TYPE.)

Section of Law _____ (Leave Blank)

(1) My full true and correct name is  ARIF ALI DURRANI
    (full true name without abbreviations)
(2) I now live at  4095 E. SKELTON CYN CIRCLE
                   WESTLAKE VILLAGE, CALIF 91361
                   (City, county, state, zip code)
(3) I was born on  AUG 14 1949  in  LAHORE                       PAKISTAN
    (Month) (Day) (Year)            (City or town)  (County, province, or state)  (Country)
(4) I request that my name be changed to _____
(5) Other names I have used are: _____
    (Include maiden name)

Sex: ☒ Male   ☐ Female

(6) Was your father or mother ever a United States citizen? ............... ☐ Yes  ☒ No
                                                              (If "Yes", explain fully)
(7) Can you read and write English? ........................................ ☒ Yes  ☐ No
(8) Can you speak English? ................................................. ☒ Yes  ☐ No
(9) Can you sign your name in English? ..................................... ☒ Yes  ☐ No
(10) My lawful admission for permanent residence was on  06  16  1978
                                                       (Month)(Day)(Year)
     _____ under the name of
     at _____
        (City)         (State)

(11) (a) I have resided continuously in the United States since  12  14  1973
                                                                (Month)(Day)(Year)
     (b) I have resided continuously in the State of  CALIF  since  01  01  77
                                                                  (Month)(Day)(Year)
     (c) During the last five years I have been physically in the United States for a total of _____ months.

(12) Do you intend to reside permanently in the United States? ☒ Yes  ☐ No  If "No," explain:
(13) In what places in the United States have you lived during the last 5 years? List present address FIRST.

| FROM | TO | STREET ADDRESS | CITY AND STATE |
|---|---|---|---|
| (a) 03, 1985 | PRESENT TIME | 4095 E SKELTON CYN | WESTLAKE, CA 91361 |
| (b) 01, 1977 | 03, 1985 | 28241 DRIVER AVE. | AGOURA, CA 91301 |
| (c) ___, 19__ | ___, 19__ | | |
| (d) ___, 19__ | ___, 19__ | | |

(14) (a) Have you been out of the United States since your lawful admission as a permanent resident? ............... ☒ Yes  ☐ No
If "Yes" fill in the following information for every absence of less than 6 months, no matter how short it was.

| DATE DEPARTED | DATE RETURNED | NAME OF SHIP, OR AIRLINE, RAILROAD COMPANY, BUS COMPANY, OR OTHER MEANS USED TO RETURN TO THE UNITED STATES | PLACE OR PORT OF ENTRY THROUGH WHICH YOU RETURNED TO THE UNITED STATES |
|---|---|---|---|
| 02/19/85 | 02/25/85 | TWA | LOS ANGELES |

(b) Since your lawful admission, have you been out of the United States for a period of 6 months or longer? ............... ☐ Yes  ☒ No
If "No", state "None"; If "Yes", fill in following information for every absence of more than 6 months.

| DATE DEPARTED | DATE RETURNED | NAME OF SHIP OR OF AIRLINE, RAILROAD COMPANY, BUS COMPANY, OR OTHER MEANS USED TO RETURN TO THE UNITED STATES | PLACE OR PORT OF ENTRY THROUGH WHICH YOU RETURNED TO THE UNITED STATES |
|---|---|---|---|
| | | | |

Form N-400 (Rev. 5-2-82) Y

(1)

(OVER)

641