Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

**RECEIVED**

AUG 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

August 18, 2008

Ms. Nancy Mayer-Wittington
Office of the Clerk
U.S. District Court
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866

Reference: Docket No. 08-CV-0609(CKK)

Dear Ms. Mayer-Wittington:

Attached is a copy of my letter to the U.S Attorney. Please file this document with the leave of the court. As I have explained in my letter to the U.S. Attorney these documents were compartmentalized to prevent disclosure of the criminally prosecutable misconduct in the Southern and the Central District of California. This letter is presented to the district court to keep it appraised of all relevant and current developments that must be considered to adjudicate this case.

Your assistance in filing my documents with court is greatly appreciated.

Sincerely,

Arif A. Durrani

cc: Mr. Jeffery A. Taylor/AUSA Claire Whitaker

AAD:ar

Arif A. Durrani
Reg. No. 09027-014
Federal Correctional Complex
Victorville I
P.O. Box 5300
Adelanto, CA 92301-5300

August 18, 2008

Mr. Jeffery A. Taylor
United States Attorney
U.S. Attorneys Office
555 4th Street, N.W. Room E-4204
Washington, D.C. 20530

Reference: Case No. 08-CV-0607 and 0609(CKK)

Dear Mr. Taylor:

    I have received my copy of the motion filed by your office seeking enlargement of time to file a dispositive and or opposition to summary judgment on or by September 11, 2008.

    I noticed that your office has called the U.S. Attorneys Office in the Southern District of California, seeking the location of all the documents. I would like to point out that there are additional documents within the U.S. Attorneys Office in the Central District of California. During the period in question, additional records were created between the two AUSA William P. Cole and William A. Crowfoot, and the ICE agents in San Diego and Camarillo/Oxnard. These documents pertain to criminally prosecutorial misconduct. These violators compartmentalized the documents to protect themselves.

    I am also seeking the complete disclosure including the grand jury transcripts in CR99-470. It is required to determine how an indictment can be issued when the export license was within the files of the government. It was located by one phone call to Mal Zerden, at the U.S. Department of State. One attorney, George S. Cardona, was still employed in 2005, when I was extradited from Mexico in June 2005. He participated in the grand jury proceedings to obtain this bogus indictment on May 7, 1999. It is essential to disclose what information was provided to the grand jury, when export license was within the government files. The public has enormous stake to maintain the judicial integrity of the grand jury.

Similarly, the extradition and arrest was unlawful. In a case involving information omitted from an affidavit, the existence of probable cause is determined 'by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant.'" Wolford, 78 F.3d at 489 (quoting Stewart, 915 F.2d at 582, n. 13. "[a]llegations of negligence or innocent mistake are insufficient." Franks, 438 U.S. at 171, 98 S.Ct. 2674.

Primarily, the issue here is that AUSA William P. Cole, used the bogus indictment to unlawfully hold me in the Central District of California. He used it to fabricate a bogus offense in his district to evade the Constitutional and Statutory safeguards. The communication between the two AUSA's must be disclosed in there entirety. The FOIA exemptions are not applicable when there is criminally prosecutorial misconduct. In this case the arrest warrant nor the indictment CR99-470 was valid because the underlying export license was issued prior to obtaining the bogus indictment and issuance of the arrest warrant. In such a case, there is no immunity that can be asserted. I have attached a copy of the report showing collusion between the two AUSA's. These are not mere allegations, but fully supported by documents within their files that must be disclosed. See, NARA v. Favish, 541 U.S. 157, 172 - 175 (2004). The documents are required for a defense of a conviction obtained by fraud. See, Aguilera v. F.B.I., 941 F. Supp. 144 (D.D.C. 1996). I am fully aware that the government attorneys used ICE agents who committed perjury before the grand jury, and as tactical strategy other ICE agents were used by the attorneys during the court proceeding to compartmentalize their misconduct. I have made this good faith effort to request when a review and determination is made for disclosure, the objective is clear no misconduct is shielded by use of the FOIA exemptions.

Sincerely,

Arif A. Durrani

cc: Mr. H. Marshall Jarrett, Counsel, OPR,
    U.S. Department of Justice

→ Ms. Nancy Mayer-Wittington, Clerk,
    U.S. District Court, Washington, D.C. 20001-2866

AAD:ar

OFFICIAL USE ONLY

| DEPARTMENT OF HOMELAND SECURITY ICE | 1. PAGE    2 |
|---|---|
| REPORT OF INVESTIGATION CONTINUATION | 2. CASE NUMBER |
| | 3. REPORT NUMBER: |

DETAILS OF INVESTIGATION:

On June 15, 2005, Arif DURRANI had been taken into custody, at Los Angeles International Airport by ICE agents from RAC/Oxnard and SAC/San Diego, pursuant to an outstanding arrest warrant based on a sealed indictment from 1999, after having been deported by the Government of Mexico.

On September 22, 2005, SAC/San Diego learned from the United States Attorney's Office, Southern District of California that the United States Attorney's Office, Central District of California would be dismissing their case and the 1999 indictment against DURRANI, potentially as soon as Friday, September 23, 2005.

On September 23, 2005, within the United States District Court for the Southern District of California, before the Honorable Barbara L. Major, a criminal complaint was made against Arif Ali DURRANI for the violation of Title 18 U.S.C. Section 371 - Conspiracy to Commit Offenses Against the United States; to wit, Title 22, U.S.C., Section 2778 Arms Export Control Act. The criminal complaint was filed and an arrest warrant issued for DURRANI; both documents were not sealed by the court.

On or about September 26, 2005, the charges were dismissed against DURRANI by the United States Attorney's Office, Central District of California, regarding the 1999 indictment on two counts of violating the Arms Export Control Act.

On or about September 26, 2005, DURRANI was taken into custody by the United States Marshals Service in the Central District of California pursuant to the September 23, 2005 arrest warrant out of the Southern District of California.

On September 27, 2005, pursuant to the September 23, 2005 arrest warrant and criminal complaint out of the Southern District of California, DURRANI appeared before the Honorable Andrew J. Wistrich, Magistrate Judge, United States District Court for the Central District of California. DURRANI waived Identity Hearing, was ordered detained without bail, and a Preliminary Hearing was set for October 5, 2005.

The investigation continues.

COLLATERAL REQUESTS:
None at this time.

UNDEVELOPED LEADS:
To be determined by SAC/San Diego.

OFFICIAL USE ONLY

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.