UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Arif A. Durrani,                  :
                                  :
        Plaintiff,                :
    v.                            :        Civil Action No. 08-0609 (CKK)
                                  :
U.S. Department of Justice *et al.*, :
                                  :
        Defendants.               :

MEMORANDUM OPINION

In this Freedom of Information Act ("FOIA") case brought *pro se* against three federal agencies, the Court, by Order of March 24, 2009, granted the Department of Justice's motion for summary judgment but directed the Departments of State and Homeland Security, to which it granted partial relief, to supplement the record with respect to certain issues discussed in the accompanying Memorandum Opinion ("Mem. Op.") [Dkt. No. 44]. Specifically, the State Department was instructed to explain the application of FOIA exemption 5 to information withheld from Document M62 and its segregability determination as to ten documents withheld in their entirety under exemption 3. *See* Mem. Op. at 12-14. Homeland Security ("DHS") was instructed to explain the application of FOIA exemption 7(A) to withheld information, *see id*. at 16-17, 20, after which the Court would also address record segregability, *id* at 21.

Before the Court are the "Supplemental Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment [] and Response to Court's Order of March 24, 2009 []" [Dkt. No. 50], plaintiff's response thereto [Dkt. No. 51] and plaintiff's motion to reconsider the Order of March 24, 2009 [Dkt. No. 45]. Upon consideration of the parties' supplemental submissions and the relevant portions of the record, the Court will deny plaintiff's motion to reconsider and, finding no genuine issue of material fact remaining, will enter judgment for the defendants.

1. Department of State

The State Department is no longer asserting exemption 5 as a basis for withholding information from Document M62 and, thus, has released the applicable information. Def.'s Ex. A, Declaration of Celeste Houser-Jackson ("Houser-Jackson Decl.") at 14 & Ex. 2 (release letter dated April 27, 2009). As to the ten documents withheld in their entirety under exemption 3, the State Department is no longer asserting that exemption with respect to some documents and, thus, has released the applicable information contained in Documents M31G, M31H, M32 and M32A. Id. at 4 & Ex. 2.

After reviewing each of the remaining withheld documents (D1, D1A, D1B, M31D, M31I, M32B) specifically for segregability, the State Department determined that "all information contained [in the "D" documents] is exempt from disclosure under [exemption 3], based upon 8 U.S.C. § 1202(f)[,]" Houser-Jackson Decl. at 5, 6, which the Court has approved. See Mem. Op. at 10. The State Department further determined that "[a]ll of the information contained [in the "M" documents] was obtained for the purpose of consideration of, or concerning, license applications under the [Arms Export Control Statute], and is exempt from disclosure under [exemption 3]." Houser-Jackson Decl. at 8; see Mem. Op. at 10-11 (discussing arms control statute).

Houser-Jackson states, based on her examination of the records, "that no additional segregation of meaningful information in the withheld documents can be made without disclosing information warranting protection under the law." Houser-Jackson Decl. at 15. Given her description of the records and the information they contain, the Court is now satisfied that the State Department released all reasonably segregable records responsive to plaintiff's FOIA request.

2. <u>Department of Homeland Security</u>

DHS is no longer asserting exemption 7(A) as the basis for withholding records maintained by Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP") and, thus, has released additional records in part or in whole.

Of the 86 pages previously withheld by ICE, 81 were released to plaintiff by letter of May 13, 2009, with redactions made under exemptions 2, 6, 7(C) and 7(E).[1] ICE continued to withhold five pages of handwritten notes in full under exemptions 6 and 7(C). Def.'s Ex. B., Second Declaration of Reba A. McGinnis ("2nd McGinnis Decl.") ¶¶ 8-9 & Ex. 2 (release letter) and attached *Vaughn* index. After conducting a "line-by-line" review of the 86 pages, McGinnis determined about the five withheld pages that because "the exempt information is so inextricably intertwined with the non-exempt information . . . no portions of those records can be reasonably segregated and [meaningfully] disclosed." *Id*. ¶ 10. In addition, McGinnis attests that all reasonably segregable portions of the 81 redacted pages were released. *Id*.

By letter of May 7, 2009, CBP released portions of the three pages previously withheld in full and re-released four pages "previously released, with revised redactions" made under exemptions 2, 5, 6, 7(C) and 7(E).[2] Def.'s Ex. C., Supplemental Declaration of Mark Hanson ("Supp. Hanson Decl.") ¶ 6 & Exs. 2 (release letter) and 3 (*Vaughn* index). Following his "line-by-line" review of the responsive documents, Hanson attests that the supplemental release included all reasonably segregable portions of the seven redacted pages. Supp. Hanson Decl. ¶ 8.

---

[1] *See* Mem. Op. at 19 (finding that ICE had properly invoked exemptions 2, 7(C) and 7(E)).

[2] *See* Mem. Op. at 19-21 (finding that CBP had properly invoked exemptions 2, 5, 7(C) and 7(E)).

3

Plaintiff does not contest the State Department's or DHS's supplemental responses but instead appears to question the absence of documents allegedly maintained by the "Office of International Affairs" or DOJ's Criminal Division. *See generally* Opposition to Defendant's Supplemental Motion for Summary Judgment; Pl.'s Mot. to Reconsider at 1. Based on his attachments, the Court surmises that plaintiff is referring to a request made in 2008 and/or 2009 after the filing of this action on April 9, 2008. The new request is beyond the scope of this litigation. *See* Mem. Op. at 1-5 (Factual Background).

For the foregoing reasons, the Court finds that the State Department and DHS have each satisfied their obligations under the FOIA to produce all reasonably segregable records responsive to plaintiff's requests. It therefore will enter judgment for the defendants on all claims. A separate Order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
DATE: September 8, 2009                           United States District Judge